UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MALIK A. SHABAZZ                                            CIVIL ACTION
    A/K/A DARWIN RILEY

VERSUS

STATE OF LOUISIANA                                    NO. 14-0290-BAJ-RLB

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 23, 2014.

                                                 RICHARD L. BOURGEOIS, JR.
                                                UNITED STATES MAGISTRATE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MALIK A. SHABAZZ  
    A/K/A DARWIN RILEY

CIVIL ACTION

VERSUS

STATE OF LOUISIANA

NO. 14-0290-BAJ-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. There is no need for oral argument or for an evidentiary hearing.

The *pro se* petitioner filed the instant habeas corpus proceeding challenging his conviction and seven-year sentence, entered on an unspecified charge in March, 2013, after a jury trial conducted in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. The petitioner asserts that he was denied due process and a fair trial because his trial attorney labored under a conflict of interest and because the state trial judge erred by imposing sentence without first issuing a ruling or conducting a hearing in connection with the petitioner's pending motion for new trial.

Upon a review of the petitioner's application, it appears clear that he has not yet properly presented his claims for review before the Louisiana appellate courts. Whereas he complains that the state trial judge failed to issue a ruling on his pending motion for new trial prior to sentencing, he concedes that the referenced motion was thereafter denied by the trial judge on May 17, 2013. *See* Rec. Doc. 1 at p. 3. The petitioner asserts that he thereafter filed a timely Motion to Appeal Conviction and Sentence on June 13, 2013, but the trial judge denied that

motion as untimely on August 16, 2013. *See id.* The petitioner thereafter sought supervisory review in the Louisiana Court of Appeal for the First Circuit, and that court, on January 8, 2014, granted the petitioner's writ application, reinstated his right to appeal, and remanded the matter to the state trial court. *See id.* The petitioner complains, however, that since that time, he has not been notified by the trial court regarding any deadlines for filing an appellate brief or for designating errors on appeal, and he has not been provided with a copy of the state court record as requested. He asserts that he filed in the state trial court, on February 25, 2014, additional pleadings including a state "Habeas Corpus" application and a "Notice of Conflict of Interest," *see* Rec. Doc. 3 at pp. 3-4, but he has not yet obtained a ruling from the trial judge relative to those filings. The petitioner now complains, in the instant federal habeas corpus proceeding, that based on these delays resulting from the state trial court's actions, his access to the courts has been impeded, and these delays have effectively rendered the state review process unavailable to him and ineffective to protect his rights.

The petitioner filed the instant habeas corpus proceeding in this Court on or about May 7, 2014. Based on the foregoing recitation of facts, and notwithstanding the petitioner's contentions, this Court concludes that the petitioner's application is subject to dismissal because of his failure to exhaust state court remedies relative to the claims asserted herein.

Pursuant to 28 U.S.C. § 2254(b), a claimant seeking federal habeas corpus relief is required to first exhaust his claims by presenting them for review before the courts of the state in which he is confined. The exhaustion requirement is based on considerations of comity and is satisfied only when a petitioner's claims have been properly presented to the state's highest court, either on direct review or on post-conviction attack. *Bufalino v. Reno,* 613 F.2d 568, 570 (5th Cir. 1980); *Lathers v. Cain*, 2011 WL 1793274, *5 (M.D. La. April 7, 2011). As a general rule, federal habeas corpus relief is available on a habeas petition only when all of the claims in

the petition have been exhausted through each level of state court review. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982).

The petitioner concedes in this case that he has failed to present his claims for substantive review before either the intermediate state appellate court or the Louisiana Supreme Court. Notwithstanding, he contends that the exhaustion requirement should be dispensed with in this case because the state trial court, through its delays and erroneous determinations, has impeded his right to present his claims for review. In making this contention, the petitioner relies upon 28 U.S.C. §§ 2254(b)(1)(B), which statute provides that exhaustion may be dispensed with when "(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."

The petitioner's argument is unavailing. In the first place, Louisiana procedural law clearly provides that a criminal defendant has both a right of direct appeal and a right of post-conviction review in connection with a state criminal conviction. Thus, there is no complete "absence of available State corrective process" in this case which would support the invocation of the first subsection of 28 U.S.C. § 2254(b)(1)(B). Further, although the second subsection, 28 U.S.C. § 2254(b)(1)(B)(ii), allows a court to dispense with the exhaustion requirement when "circumstances exist that render such process ineffective to protect the rights of the applicant," exhaustion is excused under this subsection only in those "rare cases where exceptional circumstances of peculiar urgency" mandate federal court interference. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). Such exceptional circumstances may exist, for example, when the state system is found to have inordinately and unjustifiably delayed a review of a petitioner's claims so as to impinge upon his due process rights. *Id.* It is necessary, however, that the delay in such instance be found to be wholly and completely the fault of the State. *Id.* Further, in determining whether a delay in a petitioner's state review process violates due process, this

Court is instructed to look to the factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972). *See Johnson v. Roberts*, 95 F.3d 48, 1996 WL 405773, *2 (5th Cir. 1996). These factors include (1) the length of the delay, (2) the reasons for the delay, (3) the petitioner's assertion of his rights, and (4) the prejudice to the petitioner occasioned by the delay. *Id.* Notwithstanding, it has also been noted that, "[u]ntil there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker v. Wingo, supra*, 407 U.S. at 530.

The delays in the instant case cannot be found to be inordinate and unjustifiable within the meaning of 28 U.S.C. § 2254(b)(1)(B)(ii). Accepting the petitioner's assertions as true, after he was found guilty in January, 2013, he filed a motion for new trial which was docketed in the state trial court on March 18, 2013, and was denied by that court on May 17, 2013. The petitioner then filed a Motion to Appeal Conviction and Sentence on June 13, 2013, which motion was denied by the trial court as untimely, apparently in error, on August 16, 2013. The petitioner sought supervisory review of that determination in the intermediate state appellate court, and the appellate court granted such review on January 8, 2014, reinstating the petitioner's right to a direct appeal. The petitioner asserts that he has since submitted inquiries and pleadings in the state trial court seeking, *inter alia,* to obtain a copy of the record, to enroll as "co-counsel" on appeal, and to file a supplemental appellate brief. He also filed in the state trial court, in late February, 2014, an application for state "Habeas Corpus" and a "Notice of Conflict of Interest," which pleadings were allegedly still pending when he filed the instant federal habeas corpus application in May, 2014, less three months later.

Notwithstanding the petitioner's contentions, it appears that his state court proceedings have been proceeding at an acceptable pace. The petitioner has filed motions in the state trial

court that have been ruled upon by the state judge, and he has sought and obtained relief in the intermediate appellate court on supervisory review.  The alleged five-month period of inaction in the state trial court since the ruling of the appellate court on January 8, 2014, is not indicative of the kind of delay recognized by the Fifth Circuit to be inordinate.  *See Johnson v. Roberts, supra*, 95 F.3d at 48 (compiling cases finding delays and periods of inaction of greater than 12 to 20 months to be unacceptable).  Nor has the petitioner alleged that he has filed a motion for mandamus relief in the intermediate state appellate court, seeking to compel the trial court to take appropriate action or to proceed more expeditiously.  The petitioner acknowledges that he is represented by counsel in connection with his direct appeal, and this Court encourages the petitioner to contact his attorney and to request such action if it is warranted.  Finally, the petitioner has not otherwise alleged any prejudice resulting from the referenced delays or that a fundamental miscarriage of justice will occur if this Court dismisses the instant habeas corpus proceeding at this time, without prejudice, because of his failure to exhaust state court remedies.

Based on the foregoing, the Court recommends that the petitioner's habeas corpus application be dismissed, without prejudice, for failure to exhaust state court remedies in accordance with 28 U.S.C. § 2254(b).  The interests of comity will best be served by requiring the petitioner to present his claims in the state courts in a procedurally proper manner.  There are no apparent special circumstances found by the Court to warrant federal habeas corpus review without the initial requirement of state exhaustion.

## Certificate of Appealability

Pursuant to statute, an appeal may not be taken to the federal court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although the petitioner has not yet filed a Notice of

Appeal, this Court may nonetheless address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (Emphasis in original). In the instant case, the Court finds that reasonable jurists would not debate the denial of the petitioner's § 2254 application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

## RECOMMENDATION

It is recommended that the petitioner's application for habeas corpus relief be dismissed, without prejudice, for failure to exhaust state court remedies as mandated by 28 U.S.C. § 2254(b). It is further recommended that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on June 23, 2014.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE**